UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARELL JOHNSON,<br><br>              Plaintiff,<br><br>        v.<br><br>CAROLYN W. COLVIN, Commissioner<br>of Social Security,<br><br>              Defendant. | No.  2:12-cv-1764 DAD<br><br><br>ORDER |

          This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment. For the reasons explained below, plaintiff's motion is granted, defendant's cross-motion is denied, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings consistent with this order.

PROCEDURAL BACKGROUND

          On July 25, 2006, plaintiff filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") and for Supplemental Security Income ("SSI") under Title XVI of the Act alleging disability beginning on March 14, 2004.  (Transcript ("Tr.") at 92-94, 98.)  Plaintiff's applications were denied initially and upon reconsideration.  (Id.

/////

1

at 128-32, 136-41.)  Thereafter, plaintiff requested a hearing and a hearing was held before an

Administrative Law Judge ("ALJ") on April 16, 2008.  (<u>Id.</u> at 41-70.)

In a decision issued on August 28, 2008, the ALJ found that plaintiff was not disabled.

(<u>Id.</u> at 113-14.)  Plaintiff requested review of the ALJ's decision and on January 23, 2009, the

Appeals Council vacated the ALJ's August 28, 2008 decision and remanded the matter back to

the ALJ for further proceedings.  (<u>Id.</u> at 115-18.)

On October 7, 2009, an administrative hearing on remand was held before the same ALJ.

(<u>Id.</u> at 71-91.)  Plaintiff was represented by counsel and testified at that hearing.  In a decision

issued on February 19, 2010, the ALJ again found that plaintiff was not disabled.  (<u>Id.</u> at 20.)

The ALJ entered the following findings:

> 1.  The claimant meets the insured status requirements of the Social Security Act through December 31, 2009.
>
> 2.  The claimant has not engaged in substantial gainful activity since March 14, 2004, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).
>
> 3.  The claimant has the following severe impairments: degenerative disk disease of the lumbar spine with continued difficulties, including sciatica, following two surgeries; and a depressive disorder (20 CFR 404.1520(c) and 416.920(c)).
>
> 4.  The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5.  After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a limited range of work between the light and sedentary level as defined in 20 CFR 404.1567(b) and 416.967(b).  The claimant can lift 10 pounds occasionally.  He can move small objects throughout the workday.  In an eight hour workday, the claimant can sit eight hours, stand four hours, and walk two hours.  The claimant can occasionally reach and occasionally push and pull.  He can continuously handle and finger and can continuously hear and speak.  Regarding the claimant's mental capacity, unlimited means ability to function in the area is not limited by mental impairment.  Fair means the ability to function in the area is limited but satisfactory.  Good means the ability to function in the areas is more than satisfactory.  The claimant is unlimited in his ability to follow work rules, relate to coworkers, deal with the public, use judgment, interact with supervisors and deal with work stresses.  He has a good ability to function independently and a good ability to

maintain attention and concentration.  He has a fair ability to understand, remember and carry out complex job instructions; understand, remember, and carry out detailed but not complex job instructions; and a fair ability to understand, remember and carry out simple job instructions.  He is unlimited in his ability to maintain his personal appearance and behave in an emotionally stable manner, relate predictably in social circumstances, and demonstrate reliability.

6.  The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7.  The claimant was born on July 1, 1967 and was 36 years old, which is defined as a "younger individual age 18-49," on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8.  The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9.  Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10.  Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11.  The claimant has not been under a disability, as defined in the Social Security Act, from March 14, 2004 through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Id. at 12-20.)

On May 16, 2012, the Appeals Council denied plaintiff's request for review of the ALJ's February 19, 2010 decision.  (Id. at 1-3.)  Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on June 29, 2012.

LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error."  Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'"  Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)).  If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm."  McCartey v. Massanari,  298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work?  If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987).  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

### APPLICATION

In his pending motion for summary judgment plaintiff argues that the ALJ committed the following three principal errors in finding him not disabled:  (1) the ALJ erred in his treatment of the medical opinion evidence; (2) the ALJ improperly rejected plaintiff's own subjective

4

testimony; and (3) the ALJ failed to comply with the order of the Appeals Council on remand.
(Pl.'s MSJ (Dkt. No. 18) at 8-28.[1])

## I.      Medical Opinion Evidence

Plaintiff argues that the ALJ's treatment of the medical opinion evidence constituted error.
(Id. at 17-28.)  Specifically, plaintiff argues that the ALJ failed to afford the proper weight to the
opinions of Dr. Robert England and Dr. Gary Alegre.  (Id. at 17-26.)  Plaintiff also argues that the
ALJ failed to address the opinion of Dr. Albert Lopez.  (Id. at 25-28.)

The weight to be given to medical opinions in Social Security disability cases depends in
part on whether the opinions are proffered by treating, examining, or nonexamining health
professionals.  Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989).  "As a
general rule, more weight should be given to the opinion of a treating source than to the opinion
of doctors who do not treat the claimant . . . ."  Lester, 81 F.3d at 830.  This is so because a
treating doctor is employed to cure and has a greater opportunity to know and observe the patient
as an individual.  Smolen, 80 F.3d at 1285; Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir.
1990).  The uncontradicted opinion of a treating or examining physician may be rejected only for
clear and convincing reasons, while the opinion of a treating or examining physician that is
controverted by another doctor may be rejected only for specific and legitimate reasons supported
by substantial evidence in the record.  Lester, 81 F.3d at 830-31.

Here, on July 12, 2006, Dr. Robert England examined plaintiff and provided his
assessment of plaintiff's limitations in the form of a Qualified Medical Evaluation.  (Tr. at 426-
55.)  Dr. England also provided a supplemental report regarding plaintiff's condition on October
11, 2007.  (Id. at 566-85.)

In his August 28, 2008 decision, the ALJ accepted Dr. England's assessment as to
plaintiff's limitations stemming from pain but rejected Dr. England's opinion in all other respects.
(Id. at 111-12.)  The Appeals Council, however, vacated the ALJ's August 28, 2008 decision and
remanded the matter back to the ALJ, in part, because the ALJ's decision failed to "contain [a]

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF
system and not to page numbers assigned by the parties.

1  rationale for not accepting Dr. England's opinions . . . that the claimant would have difficulty

2  with sitting, standing and walking."  (Id. at 116.)

3          In addressing the Appeals Council's directive in his subsequent February 19, 2010

4  decision on remand, the ALJ stated:

5               The Appeals Council has asked me to further consider the report of
               Dr. England contained at Exhibit 9F.   As stated in my prior
6               decision, "Dr. England believes that with further treatment the
               claimant would probably be able to return to activity (prior
7               decision, page 10).   Thus, I give less weight to Dr. England's
               opinion expressed in exhibit 9F, because the claimant was not
8               permanent and stationary at that time.

9  (Id. at 18.)

10         The court finds that ALJ's vague and conclusory reasoning set forth in his decision on

11  remand to be neither specific nor legitimate.  In this regard, the ALJ's statement on remand is

12  unclear and, frankly, surprisingly brief in light of the fact that the Appeals Council had previously

13  found fault with the ALJ's treatment of Dr. England's opinion.  Simply dismissing Dr. England's

14  opinion "because the claimant was not permanent and stationary at that time," clearly does not

15  meet the legal requirements for rejecting the opinion of an examining physician.  See Tackett v.

16  Apfel, 180 F.3d 1094, 1102 (9th Cir. 1999) ("The ALJ must set out in the record his reasoning

17  and the evidentiary support for his interpretation of the medical evidence."); McAllister v.

18  Sullivan, 888 F.2d 599, 602 (9th Cir. 1989) ("Broad and vague" reasons for rejecting the treating

19  physician's opinion do not suffice).

20         Moreover, in vacating the ALJ's August 28, 2008 decision the Appeals Council also

21  found error with the ALJ's treatment of Dr. Alegre's opinion.  In this regard, the Appeals Council

22  stated:

23              The decision infers a dismissal of Dr. Alegre's opinion that the
               claimant could only stand one hour at a time, "because the claimant
24              testified that he could stand two hours" (decision at page 14, last
               paragraph), but does not indicate the weight given said opinion and
25              does not provide sufficient rationale for dismissing the opinion.

26  (Tr. at 116-17.)

27         In his subsequent February 19, 2010 opinion on remand, the ALJ explained that he gave

28  "less weight" to the limitations indicated by Dr. Alegre's opinion with respect to plaintiff's ability

6

1  to sit, stand, walk, climb, balance, stoop, crouch, crawl and kneel because those limitations were

2  "not consistent with the claimant's ability to care for his personal needs" or his ability to

3  complete "light household chores, including laundry, as related to the examining psychiatrist

4  (Exhibit 32F)." (Id. at 18.)

5          Dr. Alegre, however, was plaintiff's treating physician.  Accordingly, as noted above, his

6  opinion was entitled to considerable weight.  Moreover, it is entirely unclear how plaintiff's

7  ability to do his own laundry was inconsistent with the limitations reflected by Dr. Alegre's

8  opinion.  Although Dr. Alegre's opinion of plaintiff's functional limitations was restrictive, it did

9  allow that plaintiff could perform some sitting, standing, walking, reaching, pushing/pulling and

10  lifting of up to ten pounds.  (Id. at 562-65.)

11          Finally, the ALJ's subsequent opinion on remand failed to address at all the opinion of

12  examining psychiatrist Dr. Alberto Lopez.  Dr. Lopez had examined plaintiff and issued a

13  detailed written report on January 10, 2008.  (Id. at 607-28.)  Dr. Lopez also completed a

14  Psychiatric Review Technique form on June 29, 2008.  (Id. at 648-53.)

15          Defendant argues that the ALJ did discuss Dr. Lopez's opinion in the ALJ's August 28,

16  2008, decision.  (Def.'s MSJ (Dkt No. 19) at 35.)  The Appeals Council, however, vacated the

17  August 28, 2008, decision finding that it did "not satisfy the requirements set forth in the Social

18  Security Administration regulations and the Social Security Rulings" with respect to several

19  issues.  (Tr. at 116.)  Accordingly, the Appeals Council remanded the matter back to the ALJ with

20  the direction that the ALJ "will . . . issue a new decision."  (Id. at 18.)  Indeed, the ALJ himself

21  remarked at the October 7, 2009, administrative hearing on remand that the "previous decision

22  has been vacated," that he did "not have to follow the previous decision," and that "[i]nstead I'll

23  make a new decision based on all available evidence."  (Id. at 73.)

24          "The ALJ must consider all medical opinion evidence."  Tommasetti v. Astrue, 533 F.3d

25  1035, 1041 (9th Cir. 2008).  See also Robbins v. Social Sec. Admin., 466 F.3d 880, 883 (9th Cir.

26  2006) ("In determining a claimant's RFC, an ALJ must consider all relevant evidence in the

27  record, including, inter alia, medical records, lay evidence, and the effects of symptoms, including

28  pain, that are reasonably attributed to a medically determinable impairment.").  Moreover, an

1   examining physician's uncontradicted opinion may be rejected only for clear and convincing

2   reasons, and when an examining physician's opinion is controverted by another doctor's opinion,

3   the examining physician's opinion may be rejected only for specific and legitimate reasons

4   supported by substantial evidence in the record.  Lester, 81 F.3d at 830-31.

5          Here, the ALJ's February 19, 2010 decision on remand completely failed to address Dr.

6   Lopez's opinion.  Moreover, the limitations indicated by Dr. Lopez's opinion were far more

7   restrictive than the ALJ's own residual functional capacity determination with respect to plaintiff.

8   (Tr. at 645.)  As such, the ALJ implicitly rejected Dr. Lopez's opinion but failed to provide

9   specific and legitimate reasons for doing so.

10         The ALJ's failure to discuss the opinion of examining physician Dr. Lopez was legal error

11  and that error cannot be characterized as harmless.  See Lingenfelter v. Astrue, 504 F.3d 1028,

12  1037-38 (9th Cir. 2007); Smolen v. Chater, 80 F.3d 1273, 1282 (9th Cir. 1996) (finding legal

13  error where ALJ ignored medical evidence of claimant's impairments without explanation);

14  Cotton v. Bowen, 799 F.2d 1403, 1408-09 (9th Cir. 1986) (finding legal error where ALJ's

15  findings ignored medical evidence without giving specific, legitimate reasons for doing so),

16  superseded by statute on another point as stated in Bunnell v. Sullivan, 912 F.2d 1149 (9th

17  Cir.1990).

18         For the reasons stated above, the court finds that ALJ erred with respect to his treatment of

19  the medical opinion evidence and that plaintiff is entitled to summary judgment in his favor with

20  respect to this claim of error.

21                                CONCLUSION

22         With error established, the court has the discretion to remand or reverse and award

23  benefits.[2]  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).  Where no useful purpose

24  would be served by further proceedings, or where the record has been fully developed, it is

25  appropriate to exercise this discretion to direct an immediate award of benefits.  See Benecke v.

26  Barnhart, 379 F.3d 587, 595-96 (9th Cir. 2004).  However, where there are outstanding issues that

27

28  [2]  In light of the analysis and conclusions set forth above, the court need not address plaintiff's
    remaining claims of error.

1   must be resolved before a determination can be made, or it is not clear from the record that the

2   ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated,

3   remand is appropriate.  Id. at 594.

4          Here, this matter should be remanded so that the ALJ can properly consider the medical

5   opinion evidence discussed above and afford those opinions the proper weight.[3]

6          Accordingly, in accordance with the above, IT IS HEREBY ORDERED that:

7                  1.  Plaintiff's motion for summary judgment (Dkt. No. 18) is granted;

8                  2.  Defendant's cross-motion for summary judgment (Dkt. No. 19) is denied;

9                  3.  The decision of the Commissioner of Social Security is reversed for the reasons

10  indicated above; and

11                 4.  This case is remanded for further proceedings consistent with this order.

12  Dated:  March 3, 2014

13

14  _____
    DALE A. DROZD

15  UNITED STATES MAGISTRATE JUDGE

16  DAD:6
    Ddad1\orders.soc sec\johnson1764.ord.docx

17

18

19

20

---

21  [3]  Given the Appeals Council's remand of this matter in 2009 and the resulting delay, at first

22  blush this case would appear to be one ripe for an order directing the award of benefits.  See
    McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989) (With error established, the court has

23  the discretion to remand or reverse and award benefits.); Benecke v. Barnhart, 379 F.3d 587, 594-
    96 (9th Cir. 2004) (Where no useful purpose would be served by further proceedings, or where

24  the record has been fully developed, it is appropriate to exercise this discretion to direct an
    immediate award of benefits but where there are outstanding issues that must be resolved before a

25  determination can be made, or it is not clear from the record that the ALJ would be required to
    find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate.)

26  Unfortunately, despite the prior remand, here the record is not adequately developed.

27  Specifically, at the administrative hearing the vocational expert was asked only a hypothetical
    question based upon an amalgamation of essentially the "worst case scenario" reflected by the

28  combined medical opinions.